### Thomas Lee *vs.* Jacob Peters.
### Finney Lee & Co. *vs.* Jacob Peters.
### Matthews & Hughes *vs.* Jacob Peters.

The case of *Lindner* v. *Aaron & Nelson*, 5 How. 581, cited and confirmed.

In an affidavit to procure an attachment against an absconding debtor, the words " is about removing himself out of the limits of said State, so that the ordinary process of law cannot be served upon him," are sufficient to uphold the affidavit, and are a sufficient compliance with the statute.

The three cases enumerated above, are brought by appeal from the circuit court of Warren county.

The plaintiffs respectively sued out writs of attachment from the office of a justice of the peace of Warren county, against the defendant, as the owner and captain of the steamboat Manchester.

The affidavit in each case, *mutatis mutandis,* is the same; and, after reciting the indebtedness, continued as follows : " and that he is about removing himself out of the limits of said State, so that the ordinary process of the law cannot be served upon him." The bond in the two last cases, was given by only one of the partners.

The court below, on motion, quashed all three of the attachments, and the plaintiffs appealed. By consent, all three of the cases were submitted together.

The errors assigned, are, that the court below, erred in quashing the attachment :

1. Because the affidavit was a sufficient compliance with the statute.

2. Because the proceedings in the attachment were regular and complete throughout.

*Pierson* and *Hay,* for appellants.

This is an appeal from a judgment of the Warren circuit court, quashing a writ of attachment which was sued out be-

fore a justice of the peace, at the suit of Thomas Lee, plaintiff below and appellant here, against Jacob Peters, the defendant below and appellant here.

The grounds set forth in the motion to quash, are as follows :

1. No legal cause is shown by the affidavit or writ of attachment, to justify the issuance of the attachment.

2. It does not appear from the affidavit, attachment or otherwise, that John Lee had any authority to sue out said attachment, or execute said bond ; nor is there any evidence that Thomas Lee was a non-resident, or absent from the State.

3. The affidavit, bond and attachment are all defective in form and substance, and should be quashed.

The appellants urge, that the court below erred in sustaining the motion to quash.   The decision of this court in the case of *Lindner* v. *Aaron & Nelson*, 5 How. 581, &c., settles most of the questions arising upon the foregoing objections.   And since the report of that case, the appellee relies upon the insufficiency of the substance of the affidavit to sustain the decision of the court below.   That portion of the affidavit which was urged by the appellee, and decided by the court below, to be defective, is in the following words : " is about removing himself out of the limits of said State."   The appellant maintains that these words are sufficient, and that the court below erred in its decision thereupon.   The decision of this question must depend upon the construction of our attachment law, which is, in many respects, unlike that of any other State ; and we are unable to aid its construction, by reference to reported cases upon the point presented in this case.

The 43d c. § 11, How. & Hutch. 548, provides, that if the creditor shall make complaint on oath that his debtor hath removed, or is removing out of the State, or so absconds or conceals himself that the ordinary process of law cannot be served upon him, &c., attachment may issue, &c.   In p. 551, § 19, (in the language of the law) " to prevent errors in issuing attachments and taking bonds thereupon," gives a form of the writ of attachment, and therein the form of an affidavit with several alternative allegations to meet such state of case as it was contemplated would arise in proceedings under this law ;

Lee et al. *v.* Peters.

one of which allegations is in the following words, "or is about to remove himself out of this State;" and this same section concludes with the following sentence: "and no attachment shall be abated for want of form, if the essential matters expressed in the foregoing precedents be set forth." And the last section of our attachment law, as it was originally enacted, (see R. C. p. 168,) is in the following words: "This act shall be construed in all courts of jurisdiction in the most liberal manner for the detection of fraud, the advancement of justice, and the benefit of creditors."

It could not have been the intention of the legislature to confine the affiant to the words used in the eleventh section, because in giving the form of the affidavit in the nineteenth section, they do not adhere to them themselves, and the form which is given as a guide would mislead the creditor in the pursuit of his remedy, and would make the law an instrument of fraud, an obstruction to justice and the ruin of creditors.

The language of the legislative precedent is, "is about to remove himself out of this State;" the language of the affidavit in this case is, "that the said Jacob Peters is about removing himself out of the said State of Mississippi," and it is submitted whether or not the "essential matter expressed in the precedent is not set forth" in this particular, in the affidavit. The Kentucky decisions upon the attachment law of that State, are confidently relied upon by the appellee in this case. But upon an an examination of that law it will be found to differ from ours in most of its features, and particularly in the following essential provisions. The Kentucky law does not attempt to give any precedents or forms for proceedings under them. Ours does, and in doing so, directly negatives the principle upon which the Kentucky decisions are based. The Kentucky law has no provision similar to the last section of our attachment law. See Rev. Code, p. 168. The case of *McIntyre* v. *White*, 5 How. 298, &c., is cited as authority in the construction of our attachment law.

*Alexander R. Depew*, for appellee.

This case was an attachment from the justice of the peace in favor of appellant, against the appellee, which was obtained upon the affidavit of one John Lee, representing himself as the agent of Thomas Lee, of Missouri. The attachment was quashed by the court below, upon the motion of said Peters, by his counsel, on one of the grounds set forth in the motion, which was, that neither the affidavit nor the writ of attachment showed a state of case to authorize the issuing of an attachment, even if the plaintiff himself, instead of his agent, had made the affidavit and obtained the attachment. The statute provides that, "if any creditor shall make complaint, on oath or affirmation, to any judge, &c., or justice of the peace, &c., that his or her debtor hath removed, or is removing out of the State, or so absconds, or privately conceals him or herself, that the ordinary process of law cannot be served on such debtor, &c.," that an attachment shall be granted against the estate of the debtor. The legislature have provided for the issuing of the statutory attachment in four species of cases. The court below was of opinion that the plaintiff did not show the existence of either species, and consequently that the attachment was improvidently issued. In this opinion the court is sustained both by reason and authority. If the creditors could obtain attachments by making an affidavit that their debtors were about to remove out of the limits of the State, attachments would be sued against them weeks and months before they commenced actually removing. This would be a gross perversion of the provisions of the statute, and would operate seriously on thousands who were never intended by the legislature to be brought within the provisions of this very harsh statute, which all courts say is perverted, much abused, and used to oppress and ruin many, who were not subject to its operation. The proceeding by attachment is in derogation of the principles of the common law, and should be strictly construed; as much so as the penal statutes. See on this subject, the following cases: *Cooper* v. *Logan*, Ky. printed Rep. p. 320, in which the court of appeals, of Kentucky, say: "The attachment is materially defective in not pursuing the

words of the law, which authorizes this proceeding," and sustain the judgment of the court below quashing the attachment for that cause. In *Shipp* v. *Davis*, Hardin's Rep. p. 65, the court of appeals, of Kentucky, decide that, if the attachment is in the alternative, it is defective, and should be quashed.

In the case of *Lewis* v *Butler*, printed Ky. Dec. p. 290, the court of appeals say : " The complaint is that the said Lewis is about to abscond, whereas, by law, he should have actually absconded to entitle the party to his remedy by attachment," and reverse the judgment for that defect in the writ of attachment. In the case of *McDaniel* v. *Sappington*, Hardin, 94, the court says " that an attachment being a remedy in derogation of the common law, the statute giving this remedy ought, therefore, to be strictly pursued in all its provisions." In the case of *Davis* v. *Edwards*, Hardin, 343, the court say that " the statute was in its intention remedial and highly commendable; but instead of a process against the fraudulent, absconding and concealing debtor, has been too often perverted, &c., in demands against persons notoriously temporarily absent on business, &c., and reversed the judgment because the attachment was in the alternative. See, also, the case of *Barnard* v. *Sebree*, 2 Marsh. Ky. Rep. 151. See, also, *Mantz* v. *Hendley*, 2 Hen. & Mun. 309, &c., in which the affidavit was that the party had " grounds to suspect and verily believed that the said Hendley intended to remove his effects, and would elude the ordinary legal process. The court, in their opinion, say that the attachment law authorizes that mode of proceedings, only where a person makes complaint to a magistrate, that his debtor is removing, and privately, or absconds and conceals himself, so that the ordinary process of law cannot be served on him. Here the oath is, that the party hath grounds to suspect that Hendley " intends to remove, and that he will elude the ordinary legal process." This was not a sufficient reason for granting the attachment. It ought to have been shown " that he actually was removing privately, or actually did abscond, or actually did conceal himself, either of which facts might have furnished a sufficient reason for the attachment. The judges deliver their opinions in this

case separately, and judge Fleming says that " the attachment law, though salutory in its operations, when properly adminis- tered, has been oftener perverted and more abused than any law in the whole statutory code; and instead of promoting justice, is oftener made the engine of injustice and oppression." " That the mode of proceeding against a certain class of debtors, by original attachment, being a summary procedure, unknown to the common law, the strict letter of the statute ought to be ad- hered to in all cases whatsoever." He then comments on the variance between the affidavit and the language of the statute, and concurs with Tucker and Roane in deciding that the attach- ment ought to have been quashed, because the affidavit stated that Hendley intends to remove, &c., instead of stating that he is removing, &c., actually was removing.

Most of the above authorities, in principle, are directly in point in sustaining the opinion of the court below. The record in this case, shows the great abuse which has been made of the attachment laws of our State by an evasion of its provisions. A steamboat sutler, from St. Louis, Missouri, comes to Vicks- burg and seizes upon a steamboat engaged in the regular trade upon the Mississippi river, and by virtue of his account for steamboat stores, in this case and and the case of Finney, Lee & Co., in which he was a partner amounting to six hundred dollars, and the case of Matthew & Hughes, two hundred dol- lars, also for boat stores, a fine steamboat, worth, perhaps, four or five thousand dollars, is sold for one thousand; and if it were allowable to travel out of the record, it would appear that these steamboat sutlers had even deprived all the officers and crew the privilege of creditors by marine law of this fine steamboat, now the regular weekly packet between Vicksburg and Alexan- dria, Louisiana, of several months wages, by the shameful sac- rifice of this boat.

The counsel for the appellant relied on the trial in the court below, on the case of *Lindner* v. *Aaron & Nelson*, 5 How., and intends relying on it again in this court. Should that case sweep from under the appellee all other grounds taken by his counsel in the motion to quash, it leaves the one above com-

mented upon, unshaken; and it is believed to be so well forti-fied, both by reason and authority, that this court will not hes-itate to affirm the judgment of the court below.

Mr. Justice CLAYTON delivered the opinion of the court.

These three cases of attachment all depend upon the same point, and have been submitted together. They were quashed upon motion in the court below, and brought by writ of error to this court.

Every ground relied on in support of the motion to quash, except one, has already been decided by this court, in the case of *Lindner* v. *Aaron & Nelson*, 5 How. 586. That case decides against the objections, and, so far as it goes, shows that these attachments should have been sustained.

The remaining objection grows out of the form of the affida-vit; and the part excepted to, is in these words : " that the said Jacob Peters is about removing himself out of the limits of said State, so that the ordinary process of law cannot be served upon him." The words of the statute in reference to the point in controversy, are, " if any creditor shall complain on oath that his or her debtor hath removed, or is removing out of the State, so that the ordinary process of law cannot be served." In a subsequent section, in which the form of the attachment is given, these words occur : " and oath having also been made that the said C. D. hath removed, or is about to remove himself out of this State." The objection is, that the oath in this case, does not pursue the precise language of the statute, and that the departure is such as to justify quashing the whole pro-ceedings. The only difference between the oath taken and that prescribed in the form of the attachment, is the substitution of the present participle for the infinitive mood of the same verb. The sense, to our comprehension, is so nearly the same, that we should be at a loss to draw the distinction between them. Unless there is some magical effect to be attributed to the very terms used in the statute, we do not see that the variance pointed out, can affect the legality of the proceedings. See the case of *Frost* v. *Cook*, determined at the last term of this court.

The judgment of the court below in all the cases, is reversed.